UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-3126-GW-MRWx | Date | May 2, 2019 |
| Title | *People of The State of California v. George Jerome Stevenson* | | |

| | | |
|---|---|---|
| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING ACTION AND VACATING MOTION FOR PRELIMINARY INJUNCTION**

    On April 18, 2019, George Jerome Stevenson and Ezekiel Gamba Judah ("Defendants")[1] removed this action from Los Angeles County Superior Court. Although it appears that the case is in fact a criminal case, the Notice of Removal also asserts that Defendants are "counter plaintiff(s)" in a civil action. *See* Docket No. 1, at 2[2]. Whether or not this is true, the Notice of Removal does not attach the Complaint (civil or criminal) in the action, but does attach – among other things – what Defendants have termed a "counterclaim." *See id.* at 3, 18-20. They assert that this Court has both federal question and diversity jurisdiction over this action. *See id.* at 2. This Court must examine its subject matter jurisdiction *sua sponte*. *See, e.g.*, *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004).

    There is no apparent attempt in the Notice of Removal to actually establish the requirements for diversity jurisdiction. *See* 28 U.S.C. § 1332. In addition, in light of Defendants' failure to attach the Complaint to the removal papers, the Court cannot discern whether there is a federal question-related basis for removal on the face of the Complaint. The law is clear that the grounds for removal cannot be based on the contents of a counterclaim (or a defense to a Complaint) that raises federal questions. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual

---

[1] It is unclear from the Notice of Removal whether Stevenson and Judah are separate individuals or are, in fact, the same person. The Court will presume that it is the former and will use plural terminology herein, as appropriate.
    Additionally, the Court will refer to Stevenson and Judah as "Defendants" herein as that is apparently what their status was in the underlying case removed to federal court. Also, plaintiffs in state court proceedings cannot remove such cases to federal court even if they are cross-defendants or seek to defend against a counterclaim. *See Progressive West Ins. Co. V. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007).

[2] The Court uses the pagination system reflected on its electronic docket.

                                                                                                        :

                                            Initials of Preparer     JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3126-GW-MRWx | Date | May 2, 2019 |
|---|---|---|---|
| Title | *People of The State of California v. George Jerome Stevenson* | | |

or anticipated defense. . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002) ("A counterclaim . . . cannot serve as the basis for 'arising under' [federal] jurisdiction."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983).

  As such, Defendants have not properly established grounds for federal jurisdiction. Lacking a demonstrated basis for its subject matter jurisdiction, this Court remands the matter to Los Angeles County Superior Court and vacates the motion for preliminary injunction (*see* Docket No. 4) filed on April 18, 2019.

                            :

Initials of Preparer  JG